UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

BILLY CAMPBELL HARDING,  :
                Petitioner  :  CIVIL NO. 1:12-CV-0073
    v.  :
                                       :  (Judge Caldwell)
WARDEN RONNIE HOLT,  :
                Respondent  :

*M E M O R A N D U M*

I. *Introduction*

        Billy Campbell Harding, an inmate at the Allenwood federal penitentiary in White Deer, Pennsylvania, filed this petition for a writ of habeas corpus under 28 U.S.C. § 2241. Harding is serving a sentence imposed by the United States District Court for the District of Maryland. In his petition, he makes two claims for relief: (1) the sentencing court violated the Mandatory Victims Restitution Act (MVRA), 18 U.S.C. § 3664(f)(2), when it improperly delegated to the Bureau of Prisons (the BOP) in its judgment of sentence the court's exclusive authority to set a restitution payment schedule; and (2) the BOP's collection of Petitioner's restitution through the Inmate Financial Responsibility Plan (the "IFRP" or "program") is an unlawful execution of the sentence in light of the sentencing court's unlawful delegation of its authority. (Doc. 1, Pet. at pp. 3, 9).[1] As relief, he requests reimbursement of all money the BOP collected from him and an order prohibiting the BOP from penalizing him for failing to participate in the IFRP. (*Id.* at p. 10).

---

[1] Unless otherwise noted, all citations to the record are to the docket number and page number assigned by the Electronic Case Filing system (ECF) rather than the page number of the original document.

In opposition, respondent, Ronnie Holt, Allenwood's warden, requests that the court transfer the petition to the sentencing court for the convenience of the parties because we lack information that was available to the sentencing court regarding Harding's ability to pay restitution. (Doc. 9).

For the reasons that follow, the court will dismiss without prejudice that portion of the petition challenging the sentencing court's order and deny the petition to the extent it challenges Harding's participation in the BOP's program.

II.   *Background*

On August 28, 2003, the United States District Court for the District of Maryland entered a judgment of sentence in Harding's criminal case. (Doc. 1-1, *United States v. Harding*, No. WD-02-0381 (D. Md.).[2] The judgment: (1) sentenced Harding to ninety-six years of imprisonment; (2) ordered him to pay an assessment of $1,000 and restitution in the amount of $69,221.47; (3) waived the fine because Harding did not have the ability to pay a fine; (4) required that the "monetary penalties" (restitution) be payable "[i]n full immediately"; and directed that Harding make "payment of criminal monetary penalties . . . due during the period of imprisonment through the Bureau of Prisons' Inmate Financial Responsibility Program." (*Id.* at pp. 2, 5, 7).

---

[2] A jury convicted Harding of conspiracy to commit bank robbery, four counts of bank robbery or attempted robbery, five counts of using or carrying a firearm in relation to a crime of violence, and nine counts of aiding and abetting. *Id*.

The IFRP, Program Statement 5380.08,[3] applies to most BOP inmates, and requires the BOP to make an effort to collect court-ordered financial obligations.  *See* 28 C.F.R. § 545.10.  Under the program, inmates are encouraged to contribute to their court-ordered financial obligations while incarcerated.  "Although participation [in the program] is voluntary, encouraging payment of court-ordered financial obligations is consistent with promoting responsibility in inmates.  Inmates who choose not to participate demonstrate poor responsibility and are held accountable for their inactions."  (Doc. 1-1 at p. 13).  Failure to participate may result in the denial of the following privileges/opportunities: furlough (other than possibly an emergency or medical furlough); performance pay above the maintenance pay level regardless of work assignment; UNICOR employment; opportunities to work outside the prison; higher monthly commissary spending limits; higher level housing status; participation ion community-based programs; and a release gratuity.  28 C.F.R. § 545.11(d).

On March 30, 2008, Harding signed a contract agreeing "to pay 50% of [his] UNICOR wages toward [his court-ordered] financial obligation in an effort to satisfy these financial obligations."  (Doc. 1-1 at p. 13).  As of February 8, 2011, pursuant to the IFRP, Harding had paid off his $1,000 assessment, and had an outstanding restitution balance of $65,205.75.  (*Id*. at p. 11).

Harding pursued his administrative remedies concerning his participation in the IFRP.  At the institutional level, he was advised he could discontinue his participation:

---

[3]  *See Inmate Financial Responsibility Program*, 28 C.F.R. § 545.11, also available at http://www.bop.gov/policy/progstat/5380_008.pdf.

"Should you wish to discontinue this [his IFRP] contract and be placed into 'FRP Refuse' status, you will need to inform your Unit Team." (*Id.* at p. 11).  At the next level of appeal, the regional level, it was noted that Petitioner had signed the IFRP contract and that staff had acted "in compliance with policy regarding [his] IFRP contract and payments." (*Id.* at p. 13).  Finally, at the national level, Petitioner was advised that his participation was voluntary, although refusal to participate would result in "withholding of certain privileges." (*Id.* at p. 16).

III.    *Discussion*

Section 2241 does not confer jurisdiction on a federal district court over a challenge to the validity of a sentencing court's restitution order.  *Gardner v. Bledsoe*, 415 F. App'x 384, 386 (3d Cir. 2011)(nonprecedential).  Thus, we cannot grant any relief on Petitioner's challenge to his judgment of sentence.  We express no opinion on the merits of any challenge to the order he might pursue in the sentencing court.  *Id.* n.2.

However, section 2241 does confer jurisdiction on a federal court to review the execution of a sentence.  *McGee v. Martinez*, 627 F.3d 933, 935 (3d Cir. 2010); *United States v. Banks*, 422 F. App'x 137, 140 (3d Cir. 2011)(nonprecedential).  Harding's challenge to his participation in the IFRP does seek such review.  *McGee,* 627 F.3d at 936.  We can therefore decide that claim.

In doing so, we find that it lacks merit.  As Harding alleges, he signed a contract to participate in the IFRP.  More importantly, prison officials have indicated they recognize his participation is voluntary and that he may withdraw from the program.  Their willingness to allow Harding to withdraw from the program defeats his claim that the BOP

is enforcing an illegal sentencing order, rather than just administering a valid program that assists inmates in satisfying their monetary obligations imposed at sentencing. We recognize Petitioner's argument that participation in the program is not voluntary, but coerced, because if he refuses, he loses certain privileges, but we must reject this position. *See Duronio v. Gonzales*, 293 F. App'x 155, 157 (3d Cir. 2008)(nonprecedential) ("While being in the 'IFRP Refuse' category denies a prisoner certain privileges, it does not result in the imposition of discipline that would trigger a constitutionally protected interest.").

        We will issue an appropriate order.

                                        /s/ William W. Caldwell
                                        William W. Caldwell
                                        United States District Judge

Date: May 7, 2012

UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

BILLY CAMPBELL HARDING,           :
           Petitioner           :           CIVIL NO. 1:12-CV-0073
    v.                                             :
                                :           (Judge Caldwell)
WARDEN RONNIE HOLT,            :
           Respondent      :

*O R D E R*

AND NOW, this 7th day of May, 2012, upon consideration of the petition (Doc. 1) for a writ of habeas corpus under 28 U.S.C. § 2241, it is ordered that:

    1. The challenge to the sentencing order is dismissed for lack of jurisdiction and without prejudice to Petitioner's seeking relief in the sentencing court.

    2. The petition is denied to the extent it is a challenge to Petitioner's participation in the BOP's IFRP.

    3. The Clerk of Court shall close this file.


                            /s/ William W. Caldwell
                            William W. Caldwell
                            United States District Judge